FRANK G. WILD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE RESPONDENT.

Docket No. 35107. Promulgated November 10, 1931.

*Lawrence A. Baker, Esq.*, and *Henry Ravenel, Esq.*, for the petitioner.

*John D. Foley, Esq.*, and *James Maddox, Esq.*, for the respondent.

694

OPINION.

Marquette: Each of the syndicates here involved realized net income, during either or both of the taxable years, which was not distributed to the members at the time. The respondent contends that the petitioner is taxable upon his proportionate share of such syndicate income for the years when earned, and bases his contention upon the ground that, otherwise, the syndicate members have it in their power to postpone indefinitely the taxation of income. The petitioner takes the position that under the syndicate agreement undistributed earnings were not available to him as having been constructively received, and, therefore, did not constitute taxable income to him.

In *Realty Associates*, 17 B. T. A. 1173, we decided that one of the syndicates here involved, Brighton Syndicate No. 1, was not an association within the meaning of section 2 (2) of the Revenue Act of

1921. The same conclusion applies to Brighton Beach Hotel Syndicate, for the essential structure of the two syndicates is the same.

Presumably the manager, Realty Associates, was a member of Syndicate No. 1, since it is one of the seventeen members named in the agreement, as well as being the syndicate manager with whom the members contracted. In the Hotel Syndicate agreement it is definitely set forth that the syndicate fund shall include the money already invested in the enterprise by the manager. It therefore appears that Realty Associates was a managing owner in both syndicates.

In *Ferry Market, Inc.*, 5 B. T. A. 167, we held that:

> * * * the managing owner of a vessel jointly owned by several co-owners is the agent of such co-owners and that net earnings received by him must be regarded as received by the several co-owners in the proportion of their interests in such vessel. While the co-ownership of a vessel does not constitute a partnership or a joint stock association, it does result in the creation of an operating entity that earns income by the use of capital. Such income is taxable.

See also *Walter S. Dickey*, 14 B. T. A. 1295.

We perceive no essential difference in principle between the case quoted, and the one now before us. In our opinion the syndicate constituted a joint adventure; the managing owner of the two syndicates was the agent of the petitioner and the other members, and the net earnings of each syndicate are properly to be included as gross income to the members for the year or years when earned.

Reviewed by the Board.

*Judgment will be entered for the respondent.*